UNITED STATES of America,
Plaintiff-Appellee,

v.

Bruce VICKERS, Defendant-Appellant.

No. 78–5183

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1978.

Rehearing and Rehearing En Banc
Denied Oct. 18, 1978.

C. S. Williams, Jr., Federal Public Defender, Pensacola, Fla., for defendant-appellant.

Nickolas P. Geeker, U.S. Atty., Pensacola, Fla., Clinton Ashmore, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Defendant appeals a conviction for kidnapping in violation of 18 U.S.C.A. § 1201(a). We affirm.

After starting out to their attorney's office to sign divorce papers, defendant drove his estranged wife from Panama City, Florida, to Waynesville, North Carolina, against her will, handcuffed part of the way, at the point of a gun part of the way, in such manner as would clearly support a jury's factual finding of guilt.

Defendant contends the verdict is legally insufficient because the statute does not cover kidnapping of a spouse. In this case, where the parties were estranged and divorce proceedings had been instituted,

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

**1058**

this contention must fail, regardless of any merit it might possibly have under other circumstances. *Chatwin v. United States*, 326 U.S. 455, 66 S.Ct. 233, 90 L.Ed. 198 (1946), does not hold to the contrary. In that case, there was no showing the victim was restrained. She was free to leave if she desired, contrary to the facts here.

■ Contrary to defendant's argument, there is no variance between the indictment and proof. Although defendant contends the purpose of the kidnapping was to discuss marital problems, the proof supports the indictment that defendant held the victim involuntarily for the purpose of frightening, physically abusing, handcuffing, mistreating, and assaulting her. The fact that his ultimate purpose was to get her to discuss their marital affairs does not eliminate from criminality the unfortunate means by which he sought to achieve that purpose.

■ Finally, defendant asserts. that 18 U.S.C.A. § 1201(a) is vague as applied and overbroad. The word "otherwise" in the statutory requirement that the kidnapping be "for ransom or reward or otherwise," he says, is insufficient and too indefinite to warn an intelligent man that the statute proscribes intraspousal "kidnappings." The statute is sufficient to inform a reasonable person that the taking of *any person*, at gunpoint, against her will, handcuffed, from Florida to North Carolina, there to handcuff her to a bed and remove her clothes so that she will not escape, is proscribed regardless of the relationship of the parties. The fact that the victim was an *estranged* wife, to whom a divorce was to be granted a few days after the event, should have cleared up for defendant any vagueness he might have otherwise perceived in the conduct prohibited by the statute.

AFFIRMED.